UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN THE MATTER OF:

SUNTEX MARINA INVESTORS, LLC.
SMI TRS OpCo LLC,
SNOOK BIGHT HOLDINGS, LLC, ST
SNOOK BIGHT LLC,  SNOOK BIGHT
SMI OpCo. LLC,  For Exoneration and/or
Limitation of Liability  as the owner of the
Tritoon Pontoon identified  as Sea Breeze
#232, its engine, tackle,  appurtenances, etc.

Petitioners,

Case No.:   2:19-cv-80-FtM-38MRM

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioners' Renewed Motion for Clerk's Entry of Final Judgment for Exoneration of Liability Against All Non-Filing Claimants, filed on June 4, 2020. (Doc. 55).  Petitioners SUNTEX MARINA INVESTORS LLC (Suntex) and its relevant wholly owned subsidiaries and related entities, including but not limited to SNOOK BIGHT HOLDINGS, LLC, (Snook Holdings), ST SNOOK BIGHT LLC (ST Snook), SNOOK BIGHT SMI OpCo LLC, (Snook Bight) and SMI TRS OpCo. LLC ("SMI") request that "this Court enter a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) against all claimants that failed to appear or defend."  (*Id*. at 7).  Because the Undersigned finds that the required notice has been provided and the time for filing a claim in this action has expired, the Undersigned respectfully recommends that Petitioners' Motion be **GRANTED**.

**I.    Background**

Pursuant to Rule F, Supplemental Rules for Admiralty or Maritime Claims, Petitioners

filed this action on February 7, 2019, to limit liability arising out of an incident involving the 23' Tritoon Pontoon Boat, alleged to have occurred on or about July 27, 2018. (*Id*. at 1). On March 8, 2019, the Court entered a Monition which, *inter alia*, directed potential claimants to appear and respond to the action on or before May 8, 2019. (*Id*. at 2).

In accordance with Supplemental Rule F(4), Local Admiralty Rule 7.06(b), and this Court's March 8 Order, Petitioners filed a Proof of Publication indicating that the Notice of Monition was published in The News Press, a daily newspaper published in Fort Myers, Lee County, Florida on March 28, 2019, April 4, 11, and 28, 2019. (*Id*.; *see* Doc. 14). "Petitioners' Notice to Claimants of Petition for Exoneration from Limitation of Liability, Monition and Injunction required all claimants to file their respective claims and answers to the Complaint by May 8th, 2019." (Doc. 47 at 2). On May 20, 2020, Petitioners filed their Renewed Motion for Clerk's Entry of Default Against all Non-Filing Claimants. (Doc. 47). On May 21, 2020, this Court entered an Order granting Petitioners' Renewed Motion for Clerk's Entry of Default Against Non-Filing Claimants. (Doc. 48). This Court found that Petitioners complied with the notice requirements pursuant to Supplemental Rule F(4), Local Admiralty Rule 7.06(b), and this Court's March 8 Order. (*Id*. at 2). The Court ordered Petitioners to file a Motion for Default Judgment against all persons and entities that have not filed a claim in this action no later than June 4, 2020. (*Id*.). On May 22, 2020, the Clerk of Court entered a clerk's default "against all persons and entities that have not filed a claim in this action." (Doc. 49). On June 4, 2020, Petitioners filed the instant Motion. (Doc. 55).

**II.     Legal Standard**

Federal Rule of Civil Procedure 55 "sets out a two-step procedure for obtaining a final default judgment." *In re Complaint of Wild Fla. Airboats, LLC*, No: 6:16–cv–2207–Orl–31GJK,

2017 WL 3891777, at *2 (M.D. Fla. Aug. 29, 2017) (citing Fed. R. Civ. P. 55). First, when a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a). Second, if the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request and upon an affidavit of the amount due, must enter a judgment by default. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). This Court has consistently applied the same two-step procedure in cases under the Limitation of Liability Act." *See Wild Fla. Airboats*, 2017 WL 3891777, at *2 (internal citation omitted). Supplemental Rule F(5) for Admiralty or Maritime Claims and Asset Forfeiture Actions provides:

> Claims and Answer. Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. . . . If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Supp. Rule F(5).

Supplemental Rule F(4) states:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than [thirty] days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four consecutive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Supp. Rule F(4).

Based on the foregoing rules, default judgment will be entered against any potential claimant who has failed to respond to a notice of a complaint for exoneration from or limitation of liability within the established notice period, provided that the notice complies with the rules. *See* Supp. Rule F(4). *Id.*; *see In the Matter of Reef Innovations, Inc.*, No. 11–cv–1703, 2012 WL 195531, at *2 (M.D. Fla. Jan. 6, 2012) (noting that a party seeking a default judgment on a exoneration from or limitation of liability action must first publish a notice of the action in a newspaper for four consecutive weeks).

### III.   Discussion

Here, the Undersigned finds Petitioners have fulfilled the requirements under the rules. *See* Supp. Rule F(4). The record shows Petitioners provided the one potential claimant in this case, Ms. Irvine, notice of this action by providing her then-counsel notice of this action. (*See* Doc. 21-5 at 2; Doc. 21-6 at 2; Doc. 40 at 9-10). Ms. Irvine has filed a claim in this action and Petitioners have otherwise complied with the rules by publishing the court-approved notice once a week for over four consecutive weeks. (*See* Doc. 15 at 2; Doc. 14).

The Court approved notice states that the deadline for filing a claim and answer was May 8, 2019, and that the failure to file a claim would result in being defaulted. (*Id.*). The May 8, 2019 deadline has passed, and only Ms. Irvine has filed a claim in this action. (Doc. 42). No other parties have filed claims or served an answer in this case.

### CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Petitioners' Renewed Motion for Clerk's Entry of Final Judgment for Exoneration of Liability Against All Non-Filing Claimants (Doc. 55) be **GRANTED**; and

2. Default Judgment be entered against all persons and entities that have not filed a claim in this action by the May 8, 2019 deadline.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on June 8, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties