UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  23' TRITOON PONTOON
BOAT SEA BREEZE '35;232

———————————————

SUNTEX MARINA INVESTORS LLC, SNOOK BIGHT HOLDINGS, LLC, ST SNOOK BIGHT, LLC, SNOOK BIGHT SMI OPCO, LLC and SMI TRS OPCO, LLC, as owners

     Petitioners,

v.                                                                   Case No: 2:19-cv-80-SPC-MRM

ERICA HAHN, GRAHAM SCOTT, GARTNER INC. and ERICA HAHN,

     Third Party Defendants.
———————————————/

## OPINION AND ORDER[1]

Before the Court is Graham Scott's Motion to Dismiss the Third-Party Complaint.  (Doc. 114).  Also here is Third-Party Plaintiffs' response. (Doc. 117).  The Court denies the motion.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND

This action arises from personal injuries sustained by Plaintiff/Claimant Emily Irvine in a boating accident. After winning a work competition at Gartner, Irvine, her supervisor Erica Hahn, her co-worker Graham Scott, and other co-workers rented a boat from Snook Boat Marina in Fort Myers on July 27, 2018. (Doc. 72 at 5, ¶ 24). The boat was the 23' Tritoon Pontoon Boat identified as Sea Breeze #232 bearing Florida Registration Number FL1632RH. The boat is owned by Suntex Marina Investors LLC and its relevant wholly owned subsidiaries and related entities, including Snook Bight Holdings, LLC, ST Snook Bight LLC, Snook Bight SMI OpCo. LLC, and SMI TRS OpCo. LLC (collectively as the "Third-Party Plaintiffs").

Before using the boat Hahn read, agreed, and signed a standard boat rental agreement indemnifying Third-Party Plaintiffs from any claims of loss or damage to property or injury to person resulting from the use, operation, or possession of the pontoon vessel. (Doc. 72 at 5, ¶ 26). Shortly after signing the agreement, Hahn, Scott, Irvine, and other co-workers boarded the boat, where they received instructions on how to safely operate the vessel. (Doc. 72 at 5, ¶ 28). Hahn gave Scott full control of the boat's operation. (Doc. 72 at 6, ¶ 29). Hahn and Scott consumed alcohol while on the boat. (Doc. 72 at 6, ¶ 30). While under the influence of alcohol, Scott operated the boat. (Doc. 72 at 6, ¶ 33).

As Scott operated the boat, Irvine climbed over the bow door, sat on the bow deck, and dangled her feet off the bow. (Doc. 72 at 6, ¶ 34). The leased boat displayed two signs which read: "Avoid personal injury or death stay inside the rails and gates. Do not occupy foredeck when boat is underway" and "Rotating propellor may cause serious injury or death. Shut off engine when near person in the water." (Doc. 72 at 6, ¶ 35). After Irvine climbed on the foredeck, she fell into the water, underneath the vessel, and was struck by the vessel's propellor, resulting in personal injuries. (Doc. 72 at 7, ¶ 38).

On February 7, 2019, Third-Party Plaintiffs filed their complaint for exoneration from or limitation of liability, seeking to limit Irvine's claims to $34,700. (Doc. 1). On March 26, 2020, she filed a complaint alleging one count of negligence against Third-Party Plaintiffs. (Doc. 42). In response, Third-Party Plaintiffs filed their Third-Party Complaint against Hahn, Scott, and Gartner. (Doc. 72). Relevant to this Motion, Third Party Plaintiffs brought a claim of (1) contribution and (2) common law indemnity against Scott.

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, which, if accepted as true, would 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the court can draw a reasonable

3

inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. The court must accept all factual allegations as true and view them in a light most favorable to the non-moving party. *Id.* The court limits its review "to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## DISCUSSION

Scott moves to dismiss both the contribution claim and the common law indemnity claim. The Court first looks at the contribution claim and then the common law indemnity claim.

### A. The contribution claim

"The law of contribution is meant to apportion the responsibility to pay innocent injured parties between or among those causing the injury." *Horowitz v. Laske*, 855 So.2d 169, 174 (Fla. Dist. Ct. App. 2003). "[T]o recover on the basis of contribution, there must be a common liability to a third person at the time of the accident between the one seeking contribution and the one from whom contribution is sought, created by their concurrent negligence." *West American Ins. Co. v. Yellow Cab Co. of Orlando*, 495 So.2d 204, 206 (Fla. Dist. Ct. App. 1986).

In their complaint, Third-Party Plaintiffs alleged Scott consumed alcohol while operating the vessel, failed to warn Irvine not to occupy the foredeck, and

failed to promptly shut off the engine once Irvine fell in the water. Based on the factual allegations, both Scott and Third-Party Plaintiffs are liable to Irvine. The allegations are enough to state a claim for negligence and show that Third-Party Plaintiffs may be entitled to contribution.

Scott's motion to dismiss relies on the Supreme Court's decision in *McDermott, Inc. v. AmClyde*, 511 U.S. 202 (1994). But he broadens a narrow holding. There, the Supreme Court eliminated contribution actions against settling joint tortfeasors but did not do so for contribution actions in general. 511 U.S. at 220-21. There has been no settlement of the claim, and this case law is inapplicable.

**B. The common law indemnity claim**

"In Florida, the claim of common law indemnity 'arises out of obligations imposed through special relationships.'" *Rosenberg v. Cape Coral Plumbing, Inc.*, 920 So.2d 61, 65 (Fla. Dist. Ct. App. 2005). "To state a claim for common law indemnity, a party must allege that he is without fault, that another party is at fault, and that a special relationship between the two parties makes the party seeking indemnification vicariously, constructively, derivatively, or technically liable for the acts or omissions of the other party." *Tsafatinos v. Family Dollar Stores of Florida, Inc.*, 116 So.3d 576, 581 (Fla. Dist. Ct. App. 2013).

5

Third-Party Plaintiffs plead that they are without fault, that Scott's negligent use of the boat is the sole cause of the damages, and that a business relationship existed. In his motion to dismiss, Scott disputes two elements of the claim. First, he claims the Third-Party Plaintiffs bear some fault for the accident. Second, he focuses on the fact the boat rental agreement was signed by Hahn, not Scott. He insists this means he did not have a business relationship with Third-Party and Plaintiffs and that the indemnity claim must be dismissed. The Court disagrees.

To survive a motion to dismiss, Third-Party Plaintiffs need provide only a plausible claim. It is not appropriate at this stage of the proceedings to resolve factual disputes surrounding the claim. Discovery will reveal who was at fault for the accident. Given that, the Court cannot determine at this time whether Third-Party Plaintiffs bear some blame for the accident. And the discovery process will determine whether a business relationship existed between Scott and Third-Party Plaintiffs. Just because Scott was not party to the boat rental agreement does not mean a legally significant relationship did not exist between him and Third-Party Plaintiffs. What's more, the Court fails to see how the case law cited by Scott supporting his motion to dismiss the indemnity claim applies.

Accordingly, it is now

**ORDERED:**

6

Graham Scott's Motion to Dismiss (Doc. 114) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 15, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record